# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60248
Summary Calendar

———————

Maria Aura Palencia-Ascencio De Ortiz; Hugo Jeferson Ortiz-Palencia; Marlen Karina Ortiz-Palencia,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 119 743
Agency No. A213 119 744
Agency No. A213 119 745

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Maria Aura Palencia-Ascencio De Ortiz and two of her minor children, Hugo Jeferson Ortiz-Palencia and Marlen Karina Ortiz-Palencia, all natives and citizens of Guatemala, petition for review of the dismissal by the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60248

Board of Immigration Appeals (BIA) of their appeal from the denial by the immigration judge (IJ) of their applications for asylum, withholding of removal (WOR), and protection under the Convention Against Torture (CAT).

The petitioners challenge the agency's denial of asylum and WOR based on its finding that there was not a nexus between the petitioners' suffered and feared persecution and their family-based proposed particular social groups. We lack jurisdiction to consider the unexhausted contention that the BIA erred by reviewing the IJ's lack-of-nexus finding under the clear error standard of review. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020). Because this assertion raises a completely new ground for relief arising solely as a consequence of the BIA's alleged error, the petitioners were required to, but did not, exhaust the issue in a motion to reconsider filed with the BIA. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

There is no merit to the petitioners' substantive challenge to the agency's determination that the required nexus was absent because the gang targeted them with criminal intent and their family relationship to an extorted person was not a central reason for the persecution. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022) (stating that "[t]hreats or attacks motivated by criminal intentions do not provide a basis for protection"); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (explaining that, under the nexus requirement for asylum and WOR, the statutorily protected ground must be a central reason for the persecution and cannot be incidental or subordinate to another reason for harm); *see also Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (finding that persecution was not on account of family membership where there was no reason to suppose that the demand for information about the applicant's brother was based on "hatred for [the] family"). The petitioners

have not established that the evidence compels a contrary conclusion. *See Gonzales-Veliz*, 938 F.3d at 224-25.

Additionally, the petitioners challenge the agency's denial of CAT protection on the grounds that the BIA failed to adequately explain its decision, including its standard of review, and failed to consider relevant testimony regarding the Guatemalan police response, which purportedly showed government acquiescence to torture. Here again, the petitioners are asserting new arguments arising solely from the BIA's alleged errors that were not exhausted in a motion to reconsider, and we lack jurisdiction to consider them. *See Martinez-Guevara*, 27 F.4th at 360; *Avelar-Oliva*, 954 F.3d at 766.

To the extent that the petitioners are raising a substantive challenge to the agency's determination that they failed to show that the Guatemalan government would acquiescence to their torture, the claim lacks merit. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005) (internal quotation marks and citation omitted) (stating that a CAT applicant must show a likelihood of torture in the country of removal "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). The petitioners rely on Palencia-Ascencio De Ortiz's testimony that, in response to her complaint about her son being threatened at school, the Guatemalan police told her they could not get involved because threats happen daily and that, in response to her complaint about threatening telephone calls, the police sent a patrol car to drive by her home only once. However, as the BIA explained, a government's inability to curtail gang violence or eradicate crime, especially when due to a lack of resources, does not satisfy the acquiescence requirement. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 504-05 (5th Cir. 2021). The petitioners have not shown that the record compels a contrary conclusion with respect to their CAT claim. *See Gonzales-Veliz*, 938 F.3d at 224; *Zhang*, 432 F.3d at 344.

No. 22-60248

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.